IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER CAUDILL, and BRITTNEY SMITH, | 4:08CV3122 |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| DEPT. HEALTH AND HUMAN SERVICES, et al., | |
| Defendants. | |

This matter is before the court on Defendant Christina Vath's ("Vath") Motion to Dismiss (filing no. 23) and Defendant Rick Schreiner's ("Schreiner") Motion to Dismiss (filing no. 21). Also pending are several other miscellaneous motions filed by the parties.

## I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiffs filed their Complaint on June 6, 2008 against the Nebraska Department of Health and Human Services ("HHS"), three HHS employees (together with HHS, the "HHS Defendants"), Vath, and Schreiner. (Filing No. 1.) Summarized and condensed, Plaintiffs allege that on February 26, 2007, Plaintiff Caudill's son E.C.[1] reported to his school that he was being abused. (*Id.* at CM/ECF p. 2.) Later that day, Vath went to Plaintiff's home to get clothes for E.C. and Plaintiffs later received "papers" indicating that E.C. was being placed in state custody because he was "in immediate danger." (*Id.*) E.C. was placed in a foster home and Plaintiffs were permitted supervised visits with him for several months. (*Id.* at CM/ECF p. 3.)

---

[1] In accordance with Federal Rule of Civil Procedure 5.2, the court will use initials, rather than the minor's full name.

In August 2007, Plaintiffs "admitted to a no-fault petition" and E.C. was placed back in Plaintiffs' home in October 2007. (*Id.*) However, on October 20, 2007, Plaintiffs discovered that E.C. "was sleeping w/ knives" and E.C. was admitted to the CAPS Unit[2] until November 21, 2007. (*Id.*) Defendant Phillipi, an HHS employee, agreed that E.C. should be admitted to the CAPS Unit. When E.C. was released from the CAPS Unit, he was placed in another foster home, rather than back at home with Plaintiffs. (*Id.* at CM/ECF pp. 3-4.)

In December 2007, Plaintiffs discovered that Schreiner and Phillipi "were seeing each other." (*Id.* at CM/ECF p. 4.) Plaintiffs do not know how long Schreiner and Phillipi were "seeing each other," but they were "seeing each other" while working on E.C.'s case. (*Id.*) During the period of time that these Defendants worked on E.C.'s case, "police documents were falsified to take [E.C.] out of the home." (*Id.*) However, Plaintiffs do not have copies of the alleged falsified documents because Vath will not release the documents from the Beatrice Police Department. (*Id.*)

Plaintiff Caudill has ADHD and Plaintiff Smith has epilepsy. Plaintiffs also have two young daughters in their home, and these girls remained in their care even while E.C. was removed from the home. (*Id.* at CM/ECF pp. 4-5.) Plaintiffs primarily seek the return of E.C. to their home, but also seek "restitution, police reports, medical and school records, and that all work relating to E.C. be "done with federal agent present." (*Id.* at CM/ECF p. 5.)

---

[2]From the restricted exhibits filed with the Complaint, it is apparent that the "CAPS Unit" is a psychiatric unit at BryanLGH Hospital in Lincoln, NE. (Filing No. 1-3, Attach. 2, at CM/ECF p. 7.)

## II. ANALYSIS

### A. Standard of Review

In order to withstand a motion to dismiss, a pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or else their complaint must be dismissed for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### B. Defendants' Motions to Dismiss

Defendants Vath and Schreiner argue that dismissal of the claims against them is warranted because the relief sought by Plaintiffs requires alteration or reversal of a state-court order in violation of the *"Rooker-Feldman* doctrine." (Filing No. 22 at CM/ECF pp. 4-5; Filing No. 24 at CM/ECF p. 5.) The court agrees. A federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In short, the "*Rooker-Feldman* doctrine" bars this court

from correcting or altering a state court judgment, and no declaratory or injunctive relief is available in this court to do so.

Here, Plaintiffs allege that they "admitted to a no-fault petition" in October 2007 in the Nebraska state court. (Filing No. 1 at CM/ECF p. 3.) As a result, E.C. was placed back in Plaintiffs' home, but was later removed from their home again. (*Id.*) In this action, Plaintiffs seek the return of E.C. to their home, restitution, police reports, medical and school records, and that all work relating to E.C. be "done with federal agent present." (*Id.* at CM/ECF p. 5.) It is clear that there are ongoing state court proceedings regarding E.C. In fact, the police reports and records sought by Plaintiffs are from September 2006 "on to present." (Filing No. 25 at CM/ECF p. 1.) Additionally, in their response to the Motions to Dismiss,[3] Plaintiffs state that their "purpose" with this action is "to reverse a decision made on the no fault petition." (*Id.*) As set forth above, the court has no jurisdiction to reverse or otherwise alter the state-court decision with respect to the no fault petition or documentation to which Plaintiffs are entitled as a result of the no-fault petition. Because *Rooker-Feldman* prevents the court from ordering the relief sought by Plaintiffs, the Motions to Dismiss are granted.[4]

### III.   OTHER PENDING MOTIONS

Also pending before the court is Vath's first Motion to Dismiss (filing no. 6) and Vath's Motion to Withdraw Motion to Dismiss (filing no. 8). In her Motion to Withdraw, Vath seeks to withdraw her first Motion to Dismiss, which was filed prior to service. (*Id.*) For good cause shown, the Motion to Withdraw is granted, and the first Motion to Dismiss is deemed withdrawn.

---

[3]To the extent the response to the Motion to Dismiss is a Motion to Compel documents, as docketed by the Clerk of the court, that request is denied.

[4]Because Plaintiffs' claims are dismissed under *Rooker-Feldman*, the court need not address Defendants' other arguments.

4

In addition, the HHS Defendants filed a Motion for Leave to Answer Out of Time. (Filing No. 26). For their response, Plaintiffs filed a Motion to Object for Leave to Answer Out of Time. (Filing No. 28.) In their Motion, the HHS Defendants seek leave to file an answer out of time because of a clerical error by their attorney. (Filing No. 26.) For good cause shown, the Motion for Leave is granted and Plaintiffs' Motion to Object is denied. The HHS Defendants shall file an answer or other responsive pleading no later than January 9, 2009.

IT IS THEREFORE ORDERED that:

1. Defendant Rick Schreiner's Motion to Dismiss (filing no. 21) is granted.

2. Defendant Christina Vath's Motion to Dismiss (filing no. 23) is granted, her Motion to Withdraw Document (filing no. 8) is granted, and her first Motion to Dismiss (filing no. 6) is deemed withdrawn.

3. Plaintiffs' Motion to Compel and Motion to Object (filing no. 25) is denied.

4. Defendants Jelinek, Phillipi, Kendall, and Nebraska Department of Health and Human Services' Motion for Leave to Answer Out of Time (filing no. 26) is granted. Plaintiffs' Motion to Object for Leave to Answer Out of Time (filing no. 28) is denied. These Defendants shall file an answer or other responsive pleading no later than **January 9, 2009**.

5. The Clerk of the court is directed to set a pro se case management deadline with the following text: January 9, 2009: Deadline for HHS Defendants' answer or other responsive pleading.

December 17, 2008.          BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

5